USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/22/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
YUANWEN TENG,                                                 :
                                                              :
                                        Plaintiffs,           :
                -against-                                     :
                                                              :   23-CV-7302 (VEC)
                                                              :
TITAN GOLDEN CAPITAL LLC, TITAN                               :   ORDER TO SHOW
GOLDEN AND PROPERTY INVESTOR LLC,                             :        CAUSE
HAO TANG, and CHI FAI BEN WONG,                               :
                                                              :
                                        Defendants.           :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS Plaintiff alleges that the Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, Compl. Dkt. 1 ¶ 4;

WHEREAS Plaintiff alleges that he "is a Chinese national legally residing in the State of New Jersey," *id*. ¶ 6, Defendants Wong and Tang are "Hong Kongese foreign national[s] residing in the State of California," *id*. ¶¶ 15, 17, and Defendant Titan Golden and Property Investor LLC is wholly owned by Defendant Titan Golden Capital LLC, which is "a single-family investment company," *id*. ¶ 8; *see also id*. ¶ 11;

WHEREAS even if a foreign national resides within the United States, he is considered a foreign domiciliary for the purposes of § 1332 unless he is a lawful permanent resident of the United States, *see Mejia v. Barile*, 485 F. Supp. 2d 364, 367 (S.D.N.Y. 2007) (collecting cases);

WHEREAS federal courts do not have diversity jurisdiction over matters in which there are foreign domiciliaries on both sides, *see Seudrohrbau Saudi Co., Ltd. v. Bazzi*, 2023 WL 1807717, at *1 (2d Cir. Feb. 8, 2023); *Universal Licensing Corp. v. Paula del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002); and

1

WHEREAS because "federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction," a court may raise *sua sponte* the issue of subject matter jurisdiction, and must dismiss the case if it determines that subject matter jurisdiction does not exist, *see Lydonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–701(2d Cir. 2000).

IT IS HEREBY ORDEREED that not later than **August 24, 2023**, Plaintiff must show cause why the case should not be dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

**Date:  August 22, 2023**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**